UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 21-cr-10200-RGS |
| ABHIJIT DAS ) | |
|    a/k/a "Beej Das" ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION TO COMPEL

The United States respectfully moves this court pursuant to MA Local Rules 116.1(d) and 117.1(a)(10), Federal Rule of Criminal Procedure 16(b)(1)(A), and the Court's Order entered on April 10, 2023 (ECF # 68) to an issue an order compelling the defendant, Abhijit Das, a.k.a. "Beej Das," on or before September 18, 2023. to provide copies of records that are (1) in the defendant's possession, custody, or control; and which (2) the defendant intends to use in case-in-chief at trial.  In support, the government submits the following:

1. The Court's Pre-Trial Order requires the defendant to provide a list of defense exhibits to be offered at trial on or before September 18, 2023.  See ECF No. 68, ¶ 6.  This motion seeks compliance with that order and to avoid needless delay.

2. On August 24, 2023, the government emailed the following written request for discovery to the defendant's counsel: "We would also ask pursuant to FRCP 16(b)(1)(A) and MA LR 117.1(a)(10) that you provide any documents or records that you intend to introduce or use as exhibits at trial other than that are

1

solely for impeachment."  In accordance with MA LR 116.3(e), the government is making this motion 14 days after this written request and a refusal from the defendant to provide these records.

3. On September 5, 2023, counsel for the defendant indicated that he was in possession of documents/records that he would seek to either introduce or use as impeachment but refused to provide the exhibits in advance of the examination of any witness.  The defendant, for example, referred to defense exhibits that are not in the government's possession and as well as certain bank records.

4. The defendant asserts that he is not obligated to produce exhibits in his possession in advance of trial because **every** defense exhibit is being offered solely for impeachment.  While some exhibits may probably be offered solely for impeachment, the government submits that the defendant will likely seek to introduce into evidence documents and records – that are not the witness's prior statement - to advance a defense that goes beyond an attack on credibility.  *See* e.g., *United States v. Carter*, 417 F.2d 229, 230 (3d Cir. 1969) ("Impeachment, as that term is relevant to the instant case, is the use of a witness' prior inconsistent statements to attack his credibility and to cast doubt on the testimony he has given").  Rule 16, the MA Local Rules, and the Court's Pre-Trial requires pre-trial disclosure of exhibits.  "Sandbagging" leads to needless delays.

5. When a defendant requests discovery and the government complies (which it has), the defendant is required to provide "reciprocal discovery."  Under Federal Rule of Criminal Procedure 16(b)(1)(A), a defendant must permit the government, "upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial."  Fed. R. Crim. P. 16(b)(1)(A).

6. "It is within the trial court's discretion to exclude evidence for non-compliance with 16(b)(1)(A)." *United States v. Rodriguez Cortes*, 949 F.2d 532, 546 (1st Cir. 1991).  While the reciprocal disclosure obligation, does not extend to documents that are used "solely to impeach," the court may exclude an undisclosed item if its primary purpose goes to their case-in-chief "even if it is purportedly offered for impeachment." *United States v. Liberto*, 565 F.Supp.3d 739, 745 (D.Md., 2021).  And "if the prerequisites of Rule 16(b)(1)(A) are satisfied, Defendants have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes." *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho, 2014).

7. The case law interpreting "case-in-chief" also makes clear that a defendant's case-in-chief is not limited to the presentation of the evidence following the close of the government's case and includes "[t]he part of a trial in which a

party presents evidence to support its claim or defense." *United States v. Kilmartin*, 2016 WL 6208379, at *2 (D.Me., 2016), *quoting United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000).

8. The MA Local Rules of criminal discovery provide similar support. For example, MA LR 116.1(d) states that "[u]nless a defendant has filed the Waiver in accordance with subsection (b) within 28 days after arraignment (except a Rule 11 arraignment on an information), absent a contrary schedule established by the court pursuant to subsections (e) and (f), the defendant must produce to the government all material described in Fed. R. Crim. P. 16(b)(1)(A) and (B)."

9. The government request here is narrow. The government is <u>not</u> seeking the production or any records that it provided to the defendant in discovery. Furthermore, while the government reserves the right to object to the relevance or hearsay nature of certain documents, the government will also not be challenging the authenticity of records it produced to the defendant.

10. Instead, the government is only seeking to compel the defendant to produce what the defendant has acknowledged to have: records that are not in the possession of the government that are not being offered solely for impeachment. If not offered for impeachment, and not properly disclosed in compliance with Fed.R.Crim.P. 16(b)(1), the MA Local Rules, and the Court's Pre-Trial Order, the Court should exclude these exhibits.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ *Neil Gallagher*
Neil J. Gallagher, Jr.
Elysa Q. Wan
Assistant U.S. Attorneys

Date Submitted: September 8, 2023

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: *Neil Gallagher*
Neil Gallagher
Assistant U.S. Attorney