UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-cr-10200-RGS |
| ABHIJIT DAS, a/k/a Beej Das, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Under Rule 30 of the Federal Rules of Criminal Procedure and the Court's Order entered on April 10, 2023 (ECF 68), the United States hereby requests that this Honorable Court give the following Jury Instructions. The full text of the government's proposed instructions, including the elements of the offense are included. Pursuant to the Court's Order, the government has also listed the standard First Circuit Pattern Jury Instructions that the government requests by number.

The United States reserves the right to supplement, modify, or withdraw these requested instructions considering the requests, if any, filed by the defendant and in light of the evidence in the case, as well as in light of the Court's ruling relating to any motions *in limine* filed by the parties.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ *Neil Gallagher*
Neil J. Gallagher, Jr.
Elysa Q. Wan
Assistant U.S. Attorneys

Date Submitted:  September 18, 2023

1

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>*/s/ Neil J. Gallagher, Jr.*</u>
Neil J. Gallagher, Jr.

## <u>LIST OF PROPOSED INSRUCTIONS</u>
**(Bolded and \*\* Instructions are Included Below)**

**Part 1—Preliminary Instructions**
1. Duties of the Jury
2. Nature of Indictment; Presumption of Innocence
**3. \*\*Preliminary Statement of Elements of Crime\*\***
4. Evidence; Objections; Rulings; Bench Conferences
5. Credibility of Witnesses
6. Conduct of the Jury
7. Notetaking
8. Outline of the Trial

**Part 2—Instructions Concerning Certain Matters of Evidence**
9.  Stipulations
10. Judicial Notice (as necessary)
11. Impeachment by Prior Inconsistent Statement (as necessary)
12. Evidence of Defendant's Prior Similar Acts (as necessary)
**13. \*\*Caution as to Certain Testimony\*\***
14. Definition of "Knowingly"
15. "Willful Blindness" As a Way of Satisfying "Knowingly" (as necessary)
**16. \*\*Definition of "Willfully"\*\***
17.  Character Evidence (as necessary)

**Part 3—Final Instructions: General Considerations**
18. Duty of the Jury to Find Facts and Follow Law
19. Presumption of Innocence; Proof Beyond a Reasonable Doubt
20. Defendant's Right Not to Testify
21. What Is Evidence; Inferences
22. Kinds of Evidence: Direct and Circumstantial
23. Credibility of Witnesses
24. What Is Not Evidence
25. Various Ways of Proving Knowledge and Intent

**Part 4- Elements of the Offenses**
**26. \*\*Introduction\*\***
**27. \*\*The Federal Election Campaign Act\*\***
**28. \*\*Accepting Excessive Contributions\*\***
**29. \*\*Causing Conduit Contributions\*\***
**30. \*\*Conversion of Campaign Funds\*\***
**31. \*\*Scheme to Falsify, Conceal, and Cover Up Material Facts\*\***
**32. \*\*Making a Materially False Statement\*\***
**33. \*\*Aiding and Abetting\*\***

**Part 5 - Final Instructions: Deliberations and Verdict**
34. Foreperson's Role; Unanimity
35. Consideration of Evidence
36. Reaching Agreement
37. Return of Verdict Form
38. Communication with the Court

**No. 3 - Preliminary Statement of Elements of Crime**

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

Count One: Causing Excessive Contributions, 52 U.S.C. §§ 30116(a)(1)(A), 30116(a)(7)(B)(i) and 30109(d)(1)(A)(i)

(1) The defendant, as a candidate for federal office, knowingly and willfully accepted contributions or caused contributions to be made, to the defendant's campaign in excess of the limits proscribed by the Federal Election Commission (the "FEC"); and

(2) The contributions equaled $25,000 or more in a single calendar year.

A "contribution" includes "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office."

Count Two: Accepting Contributions in the Name of Another ("Conduit Contributions"), 52 U.S.C. §§ 30122 and 30109(d)(1)(D)(i))

(1) The defendant caused contributions to be made to his campaign as a candidate for federal office;

(2) The person named as the contributor was not the true donor, and the defendant was aware of this;

(3) The defendant acted knowingly and willfully; and

(4) The aggregate amount of the contributions equaled more $25,000 or more in a single calendar year.

Count Three: Conversion of Campaign Funds, 52 U.S.C. § 30114(b)

(1) The money described in the indictment were contributions made to the Das for Congress campaign account;

(2) The defendant knowingly and willfully stole or converted $25,000 or more of the contributed amounts for the defendant's own personal use in a single calendar year; and

(3) The defendant did so with the intent to deprive the Das for Congress campaign of the use or the benefit of the money.

5

<u>Count Four</u>: Scheme to Falsify, Conceal, and Cover Up Material Facts, 18 U.S.C.
§ 1001(a)(1)

(1) The defendant knowingly and willfully falsified, concealed, or covered up a
    material fact or facts that he had a duty to disclose by statute, regulation, or
    government form, or caused a false, fictitious, or fraudulent statement;

(2) The defendant did so by using a trick, scheme, or device; and

(3) The material fact or facts the defendant falsified, concealed or covered up, or
    the false, fictitious, or fraudulent statement he caused, concerned a matter
    within the jurisdiction of the executive branch of the government of the United
    States.

<u>Counts Five-Six</u>: Making a Materially False Statement, 18 U.S.C. § 1001(a)(2)

(1) The defendant knowingly and willfully made, or caused to be made, a material
    false statement;

(2) The defendant made the statement, or caused the statement to be made,
    voluntarily and intentionally; and

(3) The defendant made the statement, or caused the statement to be made, in a
    Form 3 Quarterly Report to the FEC regarding a matter within its jurisdiction.


You should understand, however, that what I have just given you is only a preliminary
outline. At the end of the trial, I will give you a final instruction on these matters. If there
is any difference between what I just told you, and what I tell you in the instruction I give
you at the end of the trial, the instructions given at the end of the trial govern.

<u>Source</u>: First Circuit Pattern Jury Instruction No. 1.04 (Updated: 6/14/2002)

**No. 12- Caution as to Certain Testimony**

You have heard the testimony from two government witnesses, Toby Chauhduri, Eric Chast, and Sean Smith, who have provided evidence under agreements with the government.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.08 (Updated: 6/14/2002)

**No. 16 - Definition of "Willfully"**

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, or mistake.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or regulation that his conduct may be violating.  It suffices that a person knew their action was unlawful, and they undertook the action anyway.

Source: *see* First Circuit Pattern Jury Instruction No. 2.17 (updated 6/5/2014) (District of ME Internet Site Edition, updated 5/15/2013 by District Judge Nancy Torreson); *Bryan v. United States*, 524 U.S. 184, 184 (1998) ("a person acts 'willfully' if he acts with the bad purpose to disobey or disregard the law, but that he need not be aware of the specific law that his conduct may be violating"); *United States v. Kukushkin*, 61 F.4th 327, 333 (2d Cir. 2023) ("every Circuit to have considered the issue of whether FECA is so "highly technical" as to require a heightened pleading standard has held it is not and does not") and Charge to Jury (ECF 245), *United States v. Kukushkin,* 1:19-cr-00725-JPO; *United States v. Whittemore*, 776 F.3d 1074, 1080–81 (9th Cir. 2015) (Upholding instruction of willfully in excessive and conduit contributions charges that provided the defendant must have acted 'knowingly and willfully,' meaning that 'the defendant is aware of the act and does not act through ignorance, mistake, or accident,' and that 'the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids'")

.

# PART 4 -ELEMENTS OF SPECIFIC CRIMES

## Instruction No. 26 – Introduction

I will now turn to the indictment and the elements of the offenses with which the defendant has been charged. The indictment is not evidence; it just outlines the offenses charged against the defendant which are called "counts." There are six counts charged in the indictment.

- Count One charges the defendant with knowingly and willfully accepting excessive campaign contributions.

- Count Two charges the defendant with knowingly and willfully causing contributions from other persons (Persons A, B, and C, in the indictment) to be made in the defendant's name.

- Count Three charges the defendant with the knowingly and willfully converting more than $25,000 in campaign funds for personal expenses.

- Count Four charges the defendant with knowingly and willfully falsifying, concealing, and covering up trick, scheme, and device, material facts from the Federal Election Commission (the "FEC").

- Counts Five and Six charges the defendant with knowingly and willfully making a materially false statement to the FEC.

Each count of the indictment charges a separate offense.  You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment. You will be provided with a verdict form to record your verdicts, which I will show you and explain to you later.

**Instruction No. 27 – The Election Act**

The Federal Election Campaign Act (known as "FECA" or the "Election Act") imposes reporting requirements and financial limits on the election campaigns for candidates for federal office, including the United States House of Representatives.  The Election Act is administered by the Federal Election Commission (the "FEC"), a department or agency within the Executive Branch of the United States government.

Among other requirements, the Election Act requires a candidate's principal campaign committee[1] to identify individual donors who contribute a total of more than $200 during an election cycle.[2]  The Election Act also imposes limits on the amounts that individuals may contribute to a candidate during an election cycle.[3]  For the 2017-2018 campaign cycle for federal elections, the limit for individual contributions under the Election Act was $2,700 per election, totaling $5,400 for both the primary and general election campaign.[4]

To prevent, circumvention of these requirements, the Election Act provides that "[n]o person shall make a contribution in the name of another person or knowingly permit his name to be used to effect such a contribution, and no person shall knowingly accept a contribution made by one person in the name of another person."[5]  Contributions made through a conduit or an intermediary are subject to the same monetary limitations on individual contributions during an election cycle.[6]

The Election Act requires the treasurer of the candidate's campaign committee to file quarterly reports with the FEC called a "Form 3, Report of Receipts and Disbursements."[7]  The Form 3 requires the correct and complete disclosure of all receipts in an election cycle, including any contributions and loans.  Among other things, the Form 3 requires an itemized list of contributions by source, amount, and date of contribution.

---

[1] 52 U.S.C. § 30101(5) ("the term 'principal campaign committee' means a political committee designated and authorized by a candidate").
[2] 52 U.S.C. § 3014(b)(3).
[3] 52 U.S.C. § 30116(a).
[4] *See* Price Index Adjustments for Contribution and Expenditure Limitations and Lobbyist Bundling Disclosure Threshold, 82 FR 10904-01.
[5] 52 U.S.C. § 30122; *see also United States v. El-Saadi,* 549 F.Supp.3d 148 (D.D.C. 2021) (the prohibition against conduit contributions prevents circumvention of the Election Act's requirements).
[6] 52 U.S.C. § 30116(a)(8).
[7] 52 U.S.C. § 30104(a).

The Form 3 also requires the correct and complete disclosure of the amount of "cash-on-hand" in the campaign account at the end of the reporting period.[8]  "Cash-on-hand" includes funds held in the Campaign Account as well as other monetary instruments and investments valued at cost.[9]   The Form 3 also requires the campaign committee to disclose the total amount of all "disbursements" for the reporting period by category including operating expenses, repayments of loans, and all other disbursements.[10]

---

[8]52 U.S.C. § 30104(b); 11 C.F.R. § 104.3(a).

[9]11 C.F.R. § 104.3(a)(1).

[10]11 C.F.R. § 104.3(b).

**Instruction No. 28 – Accepting Excessive Contributions**

The defendant is charged in Count One with knowingly and willfully accepting excessive campaign contributions.  Under the Election Act, Title 52 United States Code Section 30116(f), it is unlawful for a person to knowingly and willfully make - or for a candidate for federal office to knowingly and willfully accept - a contribution that exceeds the FEC's contribution limit.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following three elements beyond a reasonable doubt:

> *First:* The defendant, as a candidate for federal office, knowingly and willfully accepted contributions, or caused contributions to be made, to the defendant's campaign in excess of the limits imposed by the Election Act and the Federal Election Commission (the "FEC"); and

> *Two:* The contributions equaled $25,000 or more in a single calendar year.

A "contribution" includes any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office, as well as expenditures made by any person in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate or their agents.  The contribution need not be made directly to the candidate.  Funds provided to a candidate or campaign committee either directly or indirectly through an intermediary constitute a contribution.

While there is no limit on the amount of money a candidate can contribute to their own campaign from their own "personal funds," contributions from immediate family members are subject to the FEC's yearly contribution limitations.  "Personal funds" of a candidate include the total sum of the candidate's assets and income but to qualify as "personal funds," the candidate must have had a legal right of access to or control over the assets or funds at the time the individual became a candidate.

Expenditures made by a person in cooperation, consultation, or concern with, or at the request or suggestion of, a candidate, are considered contributions to the candidate's campaign.

Source: Proposed Government Jury Instructions in *U.S. v. Stockman*, 4:17-CR-116-S (Southern District of Texas), Doc. 150; 52 U.S.C. § 30101(8)(a)(i); 52 U.S.C. § 30116(a)(7)(B)(i); 11 C.F.R. § 110.10 (Expenditures by Candidates) and 11 C.F.R. § 100.33(a) (Personal Funds); *Buckley* v. *Valeo,* 424 U.S. 1, 51, n. 59 (1976) *see also*

FEC Campaign Guide, Congressional Candidates and Committees (June 2014) (hereinafter *FEC Campaign Guide*) at 28 (''Contributions from members of the candidate's family are subject to the same limits that apply to any other individual. For example, a candidate's parent or spouse may not contribute more than $2,700, per election to the candidate.''); *Buckley*, 424 U.S. 1, 23-24 n. 24 ("Funds provided to a candidate or political party or campaign committee either directly or indirectly through an intermediary constitute a contribution"); *United States v. Whittemore*, 776 F.3d 1074, 1079-1080 (9th Cir. 2015) (a defendant could violate campaign finance laws by giving money to friends and relatives, who subsequently decided to contribute to a political campaign at the suggestion of the defendant, if the defendant knew that the friends and relatives were not in fact the true source of the money used for the contributions, and if the defendant caused those contributions to be made); *United States v. Karani*, 984 F.3d 163, 181 (1st Cir. 2021) (upholding similar unanimity instruction).

.

**No. 29 – Causing Conduit Contributions**

The defendant is charged in Count Two with knowingly and willfully causing "conduit contributions." Under the Election Act, Title 52 United States Code, Section 30122, it is unlawful for anyone to knowingly and willfully make - or cause to make - a contribution to a federal campaign in the name of another person.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

> *First:* The defendant caused contributions to be made to his campaign as a candidate for federal office;
>
> *Second:* The person named as the contributor was not the true donor, and the defendant was aware of this;
>
> *Third:* The defendant acted knowingly and willfully; and
>
> *Fourth:* The aggregate amount of the contributions equaled more $25,000 or more in a single calendar year.

The phrase "making a contribution in the name of another" means making a disguised contribution through an intermediary, or conduit, by giving that person the funds for the contribution. It includes both payments to an intermediary of funds to make a contribution, and reimbursement of funds to an intermediary for making a contribution at the payor's request.

Source: Derived from Jury Charge in *United States v. Kukushkin,* 1:19-cr-00725-JPO (SDNY) (ECF: 245) and *United States v. El-Saadi,* 1:19-cr-00374-RDM (D.DC) (ECF 149); see also *United States v. O'Donnell*, 608 F.3d 546, 551 (9th Cir. 2010) ("Considering the plain language of § 441f [now § 30122] itself, therefore, we conclude that it encompasses straw donor contributions, whether accomplished through the advancement or reimbursement of funds."); *United States v. Karani*, 984 F.3d 163, 181 (1st Cir. 2021) (upholding similar unanimity instruction).

**No. 30 – Conversion of Campaign Funds**

The defendant is charged in Count Three with knowingly and willfully converting $25,000 or more of campaign funds from the Das for Congress campaign account for personal debts. Under the Election Act, Title 52 United States Code, Section 30114(b), it is unlawful to convert $25,000 or more in contributions to a campaign account for personal use.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

> *First:* The money described in the indictment were contributions made to the Das for Congress campaign account;
>
> *Second*: The defendant knowingly and willfully stole or converted $25,000 or more of the contributed amounts for the defendant's own personal use in a single calendar year; and
>
> *Third*: The defendant did so with the intent to deprive the Das for Congress campaign of the use or the benefit of the money.

A contribution or donation accepted by a candidate may be used in connection with their campaign for Federal office or for any other lawful purpose unless prohibited. A contribution accepted by a candidate, however, cannot be converted for personal use. A contribution or donation is considered to be converted to personal use, and is prohibited, if the defendant uses the money to fulfill any commitment, obligation, or expense of a person that would exist irrespective of the candidate's election campaign.

The term "steal" or "convert" means to take money or property belonging to another person or entity with intent to deprive the owner of its use or benefit either temporarily or permanently.

Source: 52 U.S.C. § 30114(b)(2); *Federal Election Commission v. Craig for U.S. Senate*, 816 F.3d 829, 834–35, 421 U.S.App.D.C. 432, 437–38 (C.A.D.C., 2016) ("Section 30114(b)(1) prohibits 'conver[sion]' of campaign contributions to 'personal use.'"); "[T]he act of stealing does not require proof of a defendant's specific intent to permanently deprive." *United States v. Glinn*, 863 F.3d 985, 988 (8th Cir. 2017); *see also* U.S. House of Representatives, House Ethics Manual, *Chapter 4: Proper Use of Campaign Funds and Resources* ("there is no circumstance in which a Member could borrow from his campaign and satisfy the requirement that the use of the funds would exclusively and solely benefit the campaign"); *see also* First Circuit Pattern Jury Instruction No. 4.18.641, Theft of Government Money or Property, 18 U.S.C. § 641.

15

**No. 31 – Scheme to Falsify, Conceal, and Cover Up Material Facts**

The defendant is charged in Count Four with knowingly and willfully falsifying, concealing, and covering up material facts from the FEC.  Under Title 18, United States Code, Section 1001(a)(1), it is unlawful to falsify, conceal, or cover up by any trick, scheme, or device a material fact in a matter within the jurisdiction of the executive branch of the United States government.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

> *First*: The defendant knowingly and willfully falsified, concealed, or covered up a material fact or facts that he had a duty to disclose by statute, regulation, or government form, or caused a false, fictitious, or fraudulent statement;
>
> *Second*: The defendant did so by using a trick, scheme, or device; and
>
> *Third*: The material fact or facts the defendant falsified, concealed or covered up, or the false, fictitious, or fraudulent statement he caused, concerned a matter within the jurisdiction of the executive branch of the government of the United States.

The term "using a trick, scheme, or device" means acting in a way intended to deceive others.

A statement is "material" if it has the natural tendency to influence or is capable of influencing a decision of the decisionmaker to which it was addressed, the Federal Election Commission or "FEC." The government is not required to prove that the statement actually influenced the actions of the FEC.

A matter is within the jurisdiction of the executive branch of the government of the United States if the FEC has the power to exercise federal authority in that matter.  It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the United States government, or that the statements were made directly to, or even received by, the United States government.

Source:  See Pattern Crim. Jury Instr. 6th Cir. 13.01 (2021 ed.); Fed. Crim. Jury Instr. 7th Cir. 1001[1] (2012 ed.); *see also United States v. Saffarinia*, 424 F.Supp.3d 46, 58 (D.D.C., 2020) ("A violation under Section 1001(a)(1) predicated on concealment has five elements: (1) the defendant had a duty to disclose the material information imposed by statute, regulation, or government form; (2) the defendant concealed or covered up the facts using a trick, scheme, or device; (3) the concealed facts were material; (4) the

defendant concealed those facts knowingly and willfully; and (5) the concealed information concerned a matter within the jurisdiction of the Executive Branch").

**No. 32 – Making a Materially False Statement**

The defendant is charged in Counts Five and Six with knowingly and willfully making a materially false statement to the FEC.  Under Title 18, United States Code, Section 1001(a)(2), it is unlawful to make a materially false, fictitious, or fraudulent statement or representation in matter within the jurisdiction of the United States.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

> *First*: The defendant knowingly and willfully made, or caused to be made, a material false statement;
>
> *Second*: The defendant made the statement, or caused the statement to be made, voluntarily and intentionally; and
>
> *Third*: The defendant made the statement, or caused the statement to be made, in a Form 3 Quarterly Report to the FEC regarding a matter within its jurisdiction.

A false statement is made "knowingly and willfully" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed, regardless of whether the agency actually relied upon it.

A statement is "false" if it was untrue when made.

<u>Source</u>: First Circuit Pattern Jury Instruction No. 4.18.1001 (Updated 4/21/14); 18 U.S.C. § 2(b)

**No. 33 - Aiding and Abetting**

A defendant may be found guilty of the crime or crimes charged even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

Source: Manuel of Model Jury Instructions, U.S. Courts for the Ninth Circuit, No. 4.2; *United States v. Andrade*, 135 F.3d 104, 110 (1st Cir. 1998) ("At common law one is liable as a principal if one deliberately causes or procuring another to perform a criminal act, and the principle has been carried forward by 18 U.S.C. § 2(b)")(internal citations omitted); *United States v. Dodd*, 43 F.3d 759, 762 (1st Cir. 1995) ("A defendant may be convicted under [18 U.S.C. § 2(b)] even though the individual who did in fact commit the substantive act lacked the necessary criminal intent"); 18 U.S.C. § 2(b) ("Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal").