UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS, a/k/a "BEEJ" DAS,<br><br>Defendant | CRIMINAL No. 21-cr-10200-RGS |

MOTION IN LIMINE TO EXCLUDE REFERENCES TO UNRELATED, ALLEGED
CONDUCT BY OTHER CONGRESSIONAL CANDIDATES

The government moves to exclude irrelevant information about alleged campaign finance misconduct by the defendant's competitors in the Massachusetts's Third congressional district election, including allegations of campaign finance violations by U.S. Representative Lori Trahan.

Only relevant evidence is admissible, and evidence is only relevant if (1) the fact it speaks to is of any consequence in the matter at issue and (2) it tends to make a certain fact in the case more or less probable than it would be without such evidence. Fed. R. Evid. 402; Fed. R. Evid. 401.  The trial judge has full discretion to exclude even relevant evidence if it has the potential for confusing the issues at hand or otherwise misleading jurors. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008).

Here, the defendant ran to be the Representative for Massachusetts's Third congressional district and came in seventh place, losing to Lori Trahan.  Congresswoman Trahan was later the subject of a House Ethics Committee inquiry about loans that Trahan made to her campaign, which allegedly came from bank accounts controlled by Trahan's husband, David Trahan.  The loans in question were made in March, June, August, and September of 2018.  In July 2020, the

House Ethics Committee concluded that Congresswoman Trahan's campaign loans were from her personal funds, not excessive contributions from her husband, and therefore did not violate House Rules, laws, regulations, or other standards of conduct. The House Ethics Committee relied in part on Trahan's prenuptial agreement, which defined income and assets constituting marital property.

To the extent the defendant intends to introduce allegations that Congresswoman Trahan or any other candidate for Massachusetts's Third congressional district violated campaign finance laws, that point is irrelevant because it does not negate the defendant's duty to run a lawful campaign and comply with campaign finance laws. Nor is there any indication that the defendant knew about Trahan's personal loans, or relied upon them, when he was coordinating and accepting excessive contributions in December 2017—in fact Trahan's loans occurred 3-9 months after the defendant's excessive and conduit contributions.

Even if the allegations were true, the fact that another candidate in the same race also committed campaign finance violations is not a defense or legal justification. In the same way, the defendant should not be able to point the charged conduct of any other political candidate at either a national or local level to somehow excuse his conduct. Furthermore, the facts of this case are also remarkably different. The excessive contributions that are charged in this case do not include any purported "family money" but instead are identified as contributions from outside parties, Persons A, B, and C.

Even if the evidence were taken as relevant, the evidence would be entirely collateral to the charges in the indictment, require a great deal of unnecessary and confusing background information, and any relevance would be substantially outweighed by the danger that such information could mislead the jury. *See e.g., United States v. Nelson-Rodriguez*, 319 F.3d 12, 34

(1st Cir. 2003) ("The term "collateral," for Rule 403 purposes, refers to evidence that is likely to confuse the issues, mislead the jury, or waste time").  A defendant "does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Montana v. Egelhoff,* 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (quoting *Taylor v. Illinois,* 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988))

      For the forgoing reasons, the government respectfully requests that the Court exclude any information or argument to the jury pertaining to alleged campaign finance misconduct by the defendant's competitors in the Massachusetts's Third congressional district election, including allegations of campaign finance violations by U.S. Representative Lori Trahan pursuant to Rules 401 and 403, and grant all other relief deemed appropriate.

                                      Respectfully submitted,

                                      JOSHUA S. LEVY
                                      Acting United States Attorney

            By:    */s/ Elysa Wan*
                    NEIL GALLAGHER
                    ELYSA WAN
                    Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Elysa Wan*
                                                Elysa Wan
                                                Assistant United States Attorney

Date: September 18, 2023