UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS,<br><br>　　　　Defendant. | Crim. No. 1:21-cr-10200-RGS |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OVERVIEW TESTIMONY**

Defendant Abhijit Das moves pursuant to Fed. R. Evid. 701 and established First Circuit precedent, including *United States v. Meises*, 645 F. 3d 5 (1st Cir. 2011), that this Court preclude the government and its law enforcement witnesses from referencing or presenting any inadmissible "overview" testimony from federal agents or testimony otherwise relating to the investigation of the indictment.

As grounds therefore, Mr. Das states the following:

The government has accused Mr. Das of three types of campaign related violations. The trial will involve a dozen or more fact witnesses, and numerous documents, including bank records, emails, government documents, and other items. There will be a rich evidentiary record for the jury to consider.

The government recently informed Mr. Das that it intends to call FBI Special Agent Lindsay Capodilupo to testify in its case-in-chief, to give an overview of the investigation and discuss investigative techniques. Agent Capodilupo is the case agent who started this historical investigation a year or more after the supposed offense has ended. In other words, the government wants her to give a hearsay narrative in the spirit of Efrem Zimbalist, Jr., glorifying the FBI's

heroic techniques and actions and showing that it has great expertise to investigate alleged crimes such as Mr. Das's.

Any information that she may have related to this case would be based entirely on her conversations with other people and/or her review of documents prepared by other people.

As such, Mr. Das anticipates that the testimony of Agent Capodilupo will consist entirely of inadmissible hearsay. *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

Moreover, the government's plan to use Agent Capodilupo to present "overview" testimony concerning the government's investigation is plainly not allowed. Pursuant to clearly established First Circuit precedent, this sort of "overview" testimony is improper and inadmissible pursuant to Fed. R. Evid. 701. *See, e.g., Meises,* 645 F.3d 8, 26-27 (1st Cir. 2009) ("[T]he law enforcement officer providing the overview testimony is essentially narrating the testimony of other witnesses in what can only be viewed as an attempt by the government to bolster the credibility of those later witnesses…[W]e cannot condone the use of overview witnesses in [these] impermissible ways.").

As the First Circuit explained in *United States v. Casas*:

> [I]nitial witness 'overview testimony' is inherently problematic: such testimony raises the very real specter that the jury verdict could be influenced by statements of fact or credit assessments in the overview but not in the evidence. There is also the possibility that later testimony might be different than what the overview witness assumed; objections could be sustained or the witness could change his or her story. **Overview testimony is especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government.**

*United States v. Casas,* 365 F.3d 104, 119-20 (1st Cir. 2004) (emphasis added).

Additionally, such "overview" testimony should be excluded pursuant to Fed. R. Evid. 403 because any conceivable probative value is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Finally, the "overview" testimony should be excluded because the admission of such testimony would violate Mr. Das's Fifth and Sixth Amendment rights to due process, to confront witnesses, and to a fair trial. *See, e.g., Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 311 (2009) (holding admission of a drug analyst's certificate without confirmatory testimony from witnesses with personal knowledge violated the Sixth Amendment right to confrontation); *United Sattes v. Cunningham,* 462 F. 3d 708 (7th Cir. 2006) (new trial required because government agent gave an overview and testified regarding the number of government officers that signed off on a warrant before its issuance).

## **CONCLUSION**

For these reasons, this Court should allow this motion and preclude the government and its law enforcement witnesses from referring to or presenting any inadmissible "overview" testimony from staff or otherwise relating to the investigation of the alleged crimes.

Dated: September 18, 2023 　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　　　　Abhijit Das, by his counsel:

　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael Kendall*
　　　　　　　　　　　　　　　　　　　　　　Michael Kendall (BBO # 544866)
　　　　　　　　　　　　　　　　　　　　　　Abigail Mahoney (BBO #709427)

WHITE & CASE LLP<br>
75 State Street<br>
Boston, MA 02109-1814<br>
Telephone: (617) 979-9310<br>
michael.kendall@whitecase.com<br>
abigail.mahoney@whitecase.com

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I certify that I conferred with counsel for the government and attempted in good faith to resolve or narrow the issue.

*/s/ Michael Kendall*

## CERTIFICATE OF SERVICE

I, Michael Kendall, hereby certify that on September 18, 2023, I caused a true and accurate copy of the above document to be served on counsel of record by CM/ECF.

*/s/ Michael Kendall*