**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| ABHIJIT DAS, |
|     Defendant |

Crim. No. 1:21-cr-10200-RGS

**DEFENDANT'S PARTIAL MOTION TO DISMISS**
**FOR FAILURE TO ALLEGE A CRIME**

Defendant Abhijit Das respectfully moves this Court to dismiss the portions of Counts One and Two of the Indictment brought under the aiding and abetting statute, 18 U.S.C. § 2, for failure to constitute valid crimes for prosecution. Under 18 U.S.C. § 2, a person may be punished as a principal if he aids, abets, counsels, commands, induces, or procures an offense against the United States. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018). Counts One and Two charge Mr. Das with aiding and abetting the receipt of illegal campaign contributions.

The aiding and abetting language is legally impossible in this context. As the candidate alleged to have both caused and accepted illegal campaign contributions, Mr. Das could not have aided and abetted himself in committing the charged offenses. *See United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (noting that, because "[t]he only person charged with committing [the] offense[s] is [the defendant]," the indictment "can be read . . . as charging an offense not known to the law, i.e., [the defendant's] aiding and abetting himself"); *United States v. Garcia-Paulin*, 627 F.3d 127, 133-34 (5th Cir. 2010) (finding indictment had insufficient factual basis where the government identified no co-conspirators or principal whom the defendant aided and abetted).

A.    <u>Count One: Aiding and Abetting Excessive Contributions</u>

Count One of the Indictment alleges that Mr. Das, as a candidate for the U.S. House of Representatives, knowingly and willfully accepted excessive contributions to his campaign account and did so by coordinating and accepting transfers of money from Toby Chaudhuri, Jay

Shah, and Ajoy Bose beyond the individual contribution limit. The indictment cites the applicable campaign finance laws as well as the aiding and abetting statute.

The aiding and abetting theory in Count One should be dismissed because the government fails to plausibly allege that Mr. Das aided and abetted the illegal receipt of campaign contributions. Under the charged section of the Federal Election Campaign Act, it is only a crime for a *candidate* to accept illegal campaign contributions. Mr. Das is the only candidate alleged in the Indictment to have accepted illegal campaign contributions. To establish aiding and abetting, the government must prove beyond a reasonable doubt, first, that someone else committed the crime. Because Mr. Das could not have assisted himself in receiving an illegal contribution, he cannot be charged with aiding and abetting himself in these violations. *See, e.g.*, *Nye & Nissen v. United States*, 336 U.S. 613, 620 (1949) (aiding and abetting is "a rule of criminal responsibility for acts which one assists another in performing"). The indictment does not even attempt to allege that Mr. Das "did aid and abet said offense" or similar language. As it cannot be clear if the grand jury agreed to a finding of probable cause based on Mr. Das being a principal or as an aider and abettor, this additional theory of liability must be dismissed.

### B.    Count Two: Aiding and Abetting Conduit Contributions

Count Two of the Indictment alleges that Mr. Das knowingly and willfully caused conduit contributions of money from Toby Chaudhuri, Jay Shah, and Ajoy Bose to be made in the name of another person – Das himself – to his campaign account. Again, the indictment cites the applicable campaign finance laws as well as 18 U.S.C. § 2. The aiding and abetting charge in Count Two should be dismissed for the same reasons. The government failed to plausibly allege that Mr. Das aided and abetted any alleged conduit contributions.

The campaign finance law charged in Count Two states that "[n]o person shall make a contribution in the name of another or knowingly permit his name to be used to effect such a contribution, and no person shall knowingly accept a contribution made by one person in the name of another." 52 U.S.C. § 30122. Toby Chaudhuri, Jay Shah, and Ajoy Bose made loans, in their own names, and from their own bank accounts, to Mr. Das's mother. The indictment does not

2

allege that these three men made any transactions under a different name, or that they knowingly permitted their names to be used to effect any such conduit contribution. The government is charging Mr. Das, and only Mr. Das, for allegedly turning money originally sourced from others into a contribution in his own name. Under this theory, however, Mr. Das would have both made the conduit contribution and accepted it, thus aiding and abetting himself to make the alleged conduit contribution. *See Martin*, 747 F.2d at 1407-08 (finding indictment insufficient because no principal or codefendant was named and one cannot aid or abet himself).

## CONCLUSION

In including aiding and abetting in Counts One and Two, the government has charged Mr. Das with theories of liability that are legally impossible. Mr. Das respectfully requests that this Court dismiss the portions of Counts One and Two brought under an aiding and abetting theory.

Dated: September 18, 2023

Respectfully submitted

Abhijit Das, by his counsel:

/s/ *Michael Kendall*
Michael Kendall (BBO # 544866)
Abigail Mahoney (BBO #709427)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
abigail.mahoney@whitecase.com

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed on September 18, 2023 through the ECF system, which will send true copies of the document to the attorneys of record for each party.

/s/ *Michael Kendall*

3