UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS,<br><br>Defendant | **Crim. No. 1:21-cr-10200-RGS** |

## DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION TO COMPEL

Defendant Abhijit Das opposes the United States' Motion to Compel (DE 111) and asks that the Court deny it for each of the following reasons:

First, the government is looking for the Court to compel Mr. Das to provide pre-trial materials that Mr. Das will use to cross-examine the government's witnesses who testify during the government's case-in-chief.

Rule 16(b) only obligates a defendant to produce an item if "the defendant intends to use the item in [his] case-in-chief." Fed. R. Crim. P. 16(b)(1)(A). Although "Rule 16 does not define the term 'case in-chief,'" Supreme Court and First Circuit decisions have "use[d] the term 'case-in-chief' to refer to the part of a trial between when a party calls its first witness and when it rests and that differentiate between a party's case-in-chief and its cross-examination of another party's witnesses." *United States v. Condron*, No. 1:17-cr-10243-IT, 2021 U.S. Dist. LEXIS 135086, at *2-3 (D. Mass. July 20, 2021) (citing *Messer v. Kemp*, 474 U.S. 1088, 1089 (1986) (Marshall, J., dissenting) (noting that the defense "put on no case in chief," although defense counsel cross-examined the government's witnesses)).

In its motion to compel, the government has adopted an unusually narrow definition of impeachment, limiting it to prior inconsistent statements of the particular witness.  It seeks the

production of anything else defense counsel has gathered, invading defense counsel's work product and interfering with Mr. Das's right to effective assistance of counsel. Certainly, the definition of impeachment materials is broader, and would include any materials that contradict what the government's witnesses assert in their trial testimony.

Second, the government's brief does not cite any controlling decisions that authorize such an intrusive disclosure order. A defendant's cross-examination of the government's witnesses is not subject to the government's demand and the First Circuit has never adopted such an invasive practice. In fact, before this Court in *United States v. Donna Ackerly*, the government twice raised this claim and the Court twice rejected it. At one point the government orally requested cross-examination materials, likely citing Judge Chen's decision in the FIFA prosecutions in the EDNY. The Court denied this request. The government then filed a motion to restrict the examination of a specific government witness. This Court summarily denied the motion. *Ackerly*, No. 16-cr-10233-RGS, Order, ECF No. 396. Defense counsel has not participated in any trial in the District of Massachusetts where the government's proposed disclosure request was enforced. Defense counsel recently tried criminal cases before Judge Burroughs and Judge Gorton and neither Judge implemented such a rule.

Third, from a practical perspective, there is no need to be concerned about delay or a waste of time as the government raises, because:

(a)  The vast, vast, vast majority of defense exhibits will come from the government's production.

(b)  Of the materials that do not fall within (a) above, a substantial number will fall within the government's crabbed definition of impeachment—prior inconsistent statements of the witness or the entity they represent or worked for.

    (c)    A few defense cross examination exhibits may not be within (a) or (b) above. They will be used for conventional impeachment and cross-examination, and defense counsel is resolving admissibility issues to avoid delay.

Dated: September 18, 2023      Respectfully submitted

Abhijit Das, by his counsel:

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Abigail Mahoney (BBO #709427)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
abigail.mahoney@whitecase.com

4

**CERTIFICATE OF SERVICE**

I, Michael Kendall, hereby certify that on September 18, 2023, I caused a true and accurate copy of the above document to be served on counsel of record by CM/ECF.

*/s/ Michael Kendall*