UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS, a/k/a "BEEJ" DAS,<br><br>    Defendant | CRIMINAL No. 21-cr-10200-RGS |

GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S INACCURATE STATEMENT OF THE LAW

    The government moves to strike and exclude further defense assertions and arguments that the defendant cannot be liable for false statements made in a FEC report because a committee's treasurer is solely responsible for filing complete and accurate FEC reports. The defendant's argument is an entirely legal argument—which is the provenance of the court—and is legally inaccurate because it conflates civil and criminal liability. Continued reference to this unsupported legal theory is inappropriate and risks confusing or nullifying the jury.

    It is axiomatic that a candidate can be convicted of making false statements in FEC filings. For example, in *United States v. Stockman*, the defendant—a Texas congressman—was convicted of knowingly making false statements to the FEC about the source of contributions to the campaign committee. 947 F.3d 253 (5th Cir. 2020). Just like the present case, the defendant caused the campaign committee to file a materially false quarterly report because the defendant provided false information to campaign staff preparing the FEC report. *Id.* (Defendant falsely claimed that donations came from the parents of a campaign aide—when in fact, the money came from a wealthy donor and was funneled through the defendant's account to disguise the transaction). In addition to candidates, even people who are not in the campaign can be

criminally liable for causing the campaign to make a false statement. *See, e.g.*, *United States v. Emmons*, 8 F.4th 454 (6th Cir. 2021) (campaign chairman and consultant caused campaign to unwittingly file false FEC forms omitting secret corporate contributions); *United States v. Benton*, No. 1:21-cr-569 (D.D.C. 2021) (consultant convicted of causing campaign unwittingly to file false forms with FEC omitting secret foreign national contributions).

Here, the indictment charges the defendant with aiding and abetting in (a) concealing material facts and (b) making a false statement about the campaign's FEC reports.  The evidence has and will show that the defendant provided the campaign false information about the donations, loans, and expenditures, which caused the campaign to unwittingly submit false information to its FEC reports.  The defendant even admitted his obligation to the campaign, telling a campaign advisor, "I have a fiduciary responsibility to our donors into the campaign to protect his assets."  (Tr. Ex. 117).  In essence, the defendant argues that aiding and abetting is impossible because the candidate is not tasked with filing FEC reports—this untrue and an improper legal argument.

The defendant also conflates civil and criminal liability to fabricate his legal defense. The defendant cites various FEC regulations stating that a committee's treasurer is responsible for filing complete and accurate reports and statements on time.  (There is no evidence that the defendant was aware of these regulations or that these regulations informed his state of mind when carrying out the crimes.)  The defendant takes these regulations out of context: a treasurer is ***civilly*** liable in his ***official capacity*** when the Commission brings an enforcement action against a political committee—e.g., for late or incomplete filings.  70 Fed. Reg. 3.  Nothing in the regulations absolves a candidate who provides false information to his campaign and causes the campaign to submit false statements in their FEC filings.

For the forgoing reasons, the government respectfully requests that the Court provide a corrective instruction, provide a jury instruction, and/or exclude further argument to the jury claiming that the defendant cannot be held criminally liable for the offense because campaign treasurers are responsible for filing FEC reports.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:  /s/ *Elysa Q. Wan*
NEIL GALLAGHER
ELYSA WAN
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /s/ *Elysa Q. Wan*
                                        ELYSA WAN
                                        Assistant United States Attorney

Date: October 3, 2023