UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>ABHIJIT DAS,<br><br>     Defendant | Crim. No. 1:21-cr-10200-RGS |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE

Defendant Abhijit Das opposes the government's motion to strike. The defense has accurately described the FEC's administrative regulations governing the filing of FEC Form 3 reports. It has not misstated the law.

The FEC regulations clearly direct that the candidate has no obligation to file any disclosure personally. Nor is the candidate required to play any role in the preparation of the Form 3. Mr. Das has cited to the FEC's Campaign Guide for Congressional Candidates and Committees, and other applicable FEC website instructions, to clarify that Mr. Das had no affirmative obligation to prepare or verify the campaign's FEC reports. Candidates, including Mr. Das, can sit on their hands and that does not break the law. *See United States v. Curran*, 20 F.3d 560, 570 (3d Cir. 1994) (jury instruction that the defendant candidate "had a legal duty to disclose 'the facts in question' (i.e., the name of the actual contributor) to the Federal Election Commission was a clear error of law. Defendant has no such duty.").

Congress intentionally designed FECA so that "candidates for federal offices are completely shielded from liability for their own campaign's recordkeeping transgressions." *FEC v. Gus Savage for Cong.' 82 Comm.*, 606 F. Supp. 541, 546-47 (N.D. Ill. 1985). As the *Gus Savage* court explained:

> This is so despite the fact that the candidate himself plays an important role in soliciting campaign finances. Congress has set up an artful scheme whereby all of the financial activities of a campaign are controlled and reported by the candidate's authorized committee. . . . In other words, the statute enables candidates to solicit campaign funds, without being held responsible for any irregularities in reporting such funds, even though the irregularities are engaged in for the benefit of the

candidate. . . . It is the treasurer, and not the candidate, who becomes the named defendant in federal court, and subjected to the imposition of penalties ranging from substantial fines to imprisonment. 2 U.S.C. § 437g(d). It occurs to the court that in this regard, the Act is perhaps the most ingeniously unfair piece of legislation ever enacted by Congress.

*Id.* at 546–47. Because Mr. Das had no FEC responsibilities, the government must demonstrate that he in fact acted to willfully cause the filing of any inaccurate reports and that he also specifically intended to deceive the Federal Election Commission.

As shown by Mr. Das's proposed jury instructions, Mr. Das expects the Court to instruct the jury that the government must prove Mr. Das did something—knowingly and willfully—to intentionally cause others to file false forms. There is no need for the Court to do anything on this issue prior to the charge conference. This is a matter for properly crafted jury instructions.

Dated: October 3, 2023

Respectfully submitted

Abhijit Das, by his counsel:

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Abigail Mahoney (BBO #709427)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
abigail.mahoney@whitecase.com

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed on the date appearing in the header of this page through the ECF system, which will send true copies of the document to the attorneys of record for each party.

*/s/ Michael Kendall*