UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-cr-10200-RGS |
| ABHIJIT DAS, a/k/a Beej Das, | ) | |
| | ) | |
| Defendant. | ) | |

<u>GOVERNMENT'S AMENDED PROPOSED INSTRUCTION</u>

The United States respectfully submits that following amended instruction regarding the excessive contribution charge in Count One.  The additional language and authority are indicated in bold type.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ *Neil Gallagher*
Neil J. Gallagher, Jr.
Elysa Q. Wan
Assistant U.S. Attorneys

Date Submitted:  October 7, 2023

**Instruction No. 28 – Accepting Excessive Contributions**

The defendant is charged in Count One with knowingly and willfully accepting excessive campaign contributions.  Under the Election Act, Title 52 United States Code Section 30116(f), it is unlawful for a person to knowingly and willfully make - or for a candidate for federal office to knowingly and willfully accept - a contribution that exceeds the FEC's contribution limit.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following three elements beyond a reasonable doubt:

> *First:* The defendant, as a candidate for federal office, knowingly and willfully accepted contributions, or caused contributions to be made, to the defendant's campaign in excess of the limits imposed by the Election Act and the Federal Election Commission (the "FEC"); and

> *Two:* The contributions equaled $25,000 or more in a single calendar year.

A "contribution" includes any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office, as well as expenditures made by any person in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate or their agents.  The contribution need not be made directly to the candidate.  Funds provided to a candidate or campaign committee either directly or indirectly through an intermediary, **including contributions which are in any way earmarked or otherwise directed through an intermediary or conduit to such candidate,** constitute a contribution.

While there is no limit on the amount of money a candidate can contribute to their own campaign from their own "personal funds," contributions from immediate family members are subject to the FEC's yearly contribution limitations.  "Personal funds" of a candidate include the total sum of the candidate's assets and income but to qualify as "personal funds," the candidate must have had a legal right of access to or control over the assets or funds at the time the individual became a candidate.

Expenditures made by a person in cooperation, consultation, or concern with, or at the request or suggestion of, a candidate, are considered contributions to the candidate's campaign.

<u>Source</u>: Proposed Government Jury Instructions in *U.S. v. Stockman*, 4:17-CR-116-S (Southern District of Texas), Doc. 150; 52 U.S.C. §**§** 30101(8)(a)(i) **and (26) (definition of "personal funds")**; 52 U.S.C. § 30116(a)(7)(B)(i); 11 C.F.R. § 110.10 (Expenditures by Candidates) and 11 C.F.R. § 100.33(a) (Personal Funds); *Buckley* v. *Valeo,* 424 U.S.

1, 51, n. 59 (1976) *see also* FEC Campaign Guide, Congressional Candidates and Committees (June 2014) (hereinafter *FEC Campaign Guide*) at 28 (''Contributions from members of the candidate's family are subject to the same limits that apply to any other individual. For example, a candidate's parent or spouse may not contribute more than $2,700, per election to the candidate.''); *Buckley*, 424 U.S. 1, 23-24 n. 24 ("Funds provided to a candidate or political party or campaign committee either directly or indirectly through an intermediary constitute a contribution"); *United States v. Whittemore*, 776 F.3d 1074, 1079-1080 (9th Cir. 2015) (a defendant could violate campaign finance laws by giving money to friends and relatives, who subsequently decided to contribute to a political campaign at the suggestion of the defendant, if the defendant knew that the friends and relatives were not in fact the true source of the money used for the contributions, and if the defendant caused those contributions to be made); **52 U.S.C. § 30116(a)(8) ("all contributions made by a person, either directly or indirectly, on behalf of a particular candidate, including contributions which are in any way earmarked or otherwise directed through an intermediary or conduit to such candidate, shall be treated as contributions from such person to such candidate").**