UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS,<br><br>Defendant. | Crim. No. 1:21-cr-10200-RGS |

**DEFENDANT ABHIJIT DAS'S MEMORANDUM
ON THE ADMISSIBILITY OF EMAILS**

Defendant Abhijit Das files this memorandum to provide the Court with authority supporting the use of certain relevant email exhibits. For a nonhearsay purpose—to show the defendant's state of mind, receipt of notice, or statement of intentions—such emails are not hearsay. They are not admitted to prove the truth of the statement, only to show that the defendant or his agent was told the statement or made the statement. These emails are compelling evidence of Mr. Das's good faith defense, that he did not intend to break the law. Such statements are clearly admissible under Fed. R. Evid. 803(3) (A statement of the declarant's then-existing state of mind (such as motive, intent, or plan). And the Hillmon doctrine[1] allows the statement of future intent to prove the substantive event. We are seeking less than what Hillmon allows—we only seek to show the email sender's state of mind at the time they expressed their future intent.

---

[1] *Mutual Life Insurance Co. v. Hillmon*, 951 F.2d 474 (2d Cir. 1991). *See* Rule 803(3): Then Existing Mental, Emotional, or Physical Condition, Touro Law Review: Vol. 12: No. 2, Article 27 (1996), available at: https://digitalcommons.tourolaw.edu/lawreview/vol12/iss2/2563-65.

Judge Casper's recent decision in *Katsenes v. United States Bank Trust, N.A.*, No. 19-cv-12112-DJC, 2023 U.S Dist. LEXIS 7443 (D. Mass. Jan. 17, 2023) upholds the use of emails for exactly the proposed purpose, and reviews the First Circuit and other case law supporting such admissions as an exception to the hearsay rule:

> [T]he statement that "[Mr. Katsenes] is planning on using $200K of the $500K to pay off his existing [Fleet National Bank] line of credit" is admissible because it is being offered for its effect on BANA's state of mind and intent behind the 2005 Mortgage. *See Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014) (noting that "[r]umors may be admitted, without regard to their accuracy, to show their motivating effect on the listener" (citations omitted")).

The Court should similarly permit Mr. Das to use relevant emails for non-hearsay purposes. *See Packgen v. Berry Plastics Corp.*, 847 F. 3d 80, 90-91 (1st Cir. 2017) (upholding district court's conclusion that testimony from plaintiff's employees regarding plaintiff's customers' intent to purchase plaintiff's new product was properly admitted under Fed. R. Evid. 803(3)). Courts have also admitted emails to show the sender's future intentions or plan, or more generally to "provide context" for the defendant's statements. *See, e.g.*, *United States v. Safavian*, 435 F. Supp. 2d 36, 45-46 (D.D.C. 2006) ("the e-mails are admissible because they might help to explain [defendant's] motive and intent at the time he undertook certain actions or, arguably, when he made [certain] representations").

| | |
|---|---|
| Dated: October 9, 2023 | Respectfully submitted, |
| | Abhijit Das, by his counsel: |
| | */s/ Michael Kendall* |
| | Michael Kendall (BBO # 544866) |
| | Abigail Mahoney (BBO #709427) |
| | WHITE & CASE LLP |
| | 75 State Street |
| | Boston, MA 02109-1814 |
| | Telephone: (617) 979-9310 |

michael.kendall@whitecase.com  
abigail.mahoney@whitecase.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above document was filed on the date appearing in the header of this page through the ECF system, which will send true copies of the document to the attorneys of record for each party.

*/s/ Michael Kendall*