UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ABHIJIT DAS, a/k/a Beej Das, )<br>)<br>Defendant. ) | Case No. 21-cr-10200-RGS |

GOVERNMENT'S RESPONSE TO AMENDED JURY INSTRUCTION

The United States respectfully submits that following regarding the Court's proposed jury instructions.

Page 16 ("Good Faith")

The government proposes new edits to the good faith instruction that mirrors the First Circuit's holding in *United States v. Mueffelman*,

> One can be optimistic, even with good reason, about the prospects of a business, but one still cannot, for example, sell stock by lying about the business' past earnings or the presence of booked orders that do not exist. A prediction made in good faith may be sheltered; ***a statement of fact known to be false is not.***
>
> In Dockray, we held that a good faith instruction is not required. 943 F.2d at 155. If references to good faith are made in fraud instructions, this must be done with great care. Here, the trial court's good faith instruction, taken as a whole, could easily have led the jury to think ***that lies were protected if Mueffelman believed in his enterprise.*** … The instruction was thus overly favorable to Mueffelman…

*United States v. Mueffelman*, 470 F.3d 33, 37 (1st Cir. 2006). Similar to the jury instruction in *Mueffelman*, the original good faith instruction could lead the jury to believe that "lies were protected" if the defendant believed in his course of action. The defendant's good faith belief in the legality of the "loans" from Chaudhuri, Shah, and

1

Bose is negated if he lied about consulting campaign counsel about the arrangement. The defendant's good faith belief that he was repaying himself for loans made to the campaign is negated if he lied about withdrawing money from the campaign bank account. The defendant's good faith belief that his campaign advisors would submit accurate FEC filings is negated if the defendant provided false information for those FEC filings.

### Page 18 - 19 (Conversion)

The government requests that the additional common law definition of conversion be removed from the instructions because it is inconsistent with the statutory definition of conversion of campaign contributions. Section § 30114(b)(2) of the FECA defines conversion of campaign contributions:

> For the purposes of paragraph (1), a contribution or donation shall be considered to be converted to personal use if the contribution or amount is ***used to fulfill*** any commitment, obligation, or expense of a person that would exist irrespective of the candidate's election campaign or individual's duties as a holder of Federal office…

52 U.S.C.A. § 30114(b)(2)(emphasis added). Nothing in the statute or case law requires the government to prove the additional element that the defendant used or kept someone else's property without their express consent.

Replacing "converted" with "used" in the second element (page 18) removes the esoteric term while also conforming with the statute. The knowing and willful misuse of campaign funds is automatically conversion because campaign funds—unlike other funds—can only be used for campaign purposes. Use of campaign funds for personal purposes is automatically conversion because it involves use of funds for a purpose other

than the originally-approved purpose. In other words, the concept of conversion—using funds for an unapproved purpose—is inherent to any allegation of intentional use of campaign contributions for personal use.

On the other hand, the common law definition of conversion strains to fit into the campaign finance context. Applying the proposed language, "Conversion means to use or keep someone else's property without their express consent," the government would need to prove that the defendant used campaign funds without ***the campaign committee's express consent***. It is not clear how a campaign committee can provide express consent. Nor is it clear whether a campaign committee can provide express consent to use campaign funds for personal use. The defendant can argue, for example, that he did not convert campaign funds because he authorized the use of campaign funds for personal purposes.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ *Elysa Q. Wan*
      Neil J. Gallagher, Jr.
      Elysa Q. Wan
      Assistant U.S. Attorneys

Date Submitted: October 12, 2023