UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS,<br><br>　　Defendant. | Crim. No. 21cr10200-RGS<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL,
OR IN THE ALTERNATIVE, A NEW TRIAL**

Defendant Abhijit Das hereby renews his motion pursuant to Federal Rule of Criminal Procedure 29(c) for a judgment of acquittal on all counts (renumbered 1-5). In the alternative, Mr. Das hereby moves for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. As grounds for this motion, Mr. Das states that there is an insufficiency of proof for each and every element for each of the five counts. In support of this motion, he incorporates:

    a) His Motion for Judgment of Acquittal filed with the Court after the government rested;

    b) The grounds he stated at oral argument on the Motion for Judgment of Acquittal; and

    c) The objections he cited to the Jury Instructions after the Court had instructed the jury.

Mr. Das intends to discuss the full range of grounds for an acquittal or new trial at the upcoming hearing. However, in preparation for such hearing, he wishes to focus the Court's attention on:

    1.    <u>Cash on Hand</u>: Counts 4 and 5 rest on the claim that Mr. Das knowingly and willfully caused the Das for Congress Committee to file FEC Form 3s that misstated the cash on

hand in Quarter 1 of 2018 and Quarter 2 of 2018. It is undisputed that there was no testimony that Mr. Das was informed that the FEC Form 3 disclosed cash on hand, that he discussed cash on hand with respect to FEC Form 3 filings, or that he was ever told the FEC software auto-populated Line 27 of the FEC Form 3 with a cash on hand calculation. No rational jury could find he was aware that the specific charged cash on hand disclosure took place, never mind that he intended it to be false, and acted to cause another to violate their reporting duty. Even if the government were to claim Mr. Das intentionally failed to disclose his loan repayments, that still does not inform him about the cash on hand calculation and disclosure. Eric Chast's testimony is most relevant as he testified he never explained this topic to Mr. Das. The Federal Elections Commission rule that a candidate has no obligation to participate in the FEC disclosure process or oversee it, is directly on point. The jury cannot convict Mr. Das for negligence, particularly where he had no obligation to oversee any FEC disclosures.

2. <u>Conversion of Campaign Funds</u>: No rational jury could convict Mr. Das of conversion. The government claims he withdrew $314,500 from the Das for Congress Committee bank account. From that number, one needs to subtract $25,000 to account for the statutory threshold for conversion, bringing the relevant amount that the government must prove was converted to at least $289,500.

Mr. Das deposited $272,000 of funds into the Das for Congress account in December 2017. Even if one considers the $272,000 to be a mix of proceeds from the sale of the Calcutta condominium and conduit contributions, Mr. Das still has the right to withdraw the entire $272,000 amount. One cannot convert from the campaign account conduit contributions that the Committee cannot legally accept or retain. Furthermore, it would be a violation of *Federal Elections Commission v. Ted Cruz for Senate*, 596 U.S. 289 (2022), to impede Mr. Das's repayment of his

loans in any amount above the conduit contributions as that implicates his unrestricted right to self-fund with his Calcutta condo proceeds and repay himself back at any time.

Thus, the unaccounted repayment that the government must prove was illegally converted comes to $289,500 minus $272,000, equaling $17,500. Eric Chast informed Mr. Das by email, before Mr. Das made the spring 2018 withdrawals, that he was entitled to repayment of his loans in the form of credit card debt expenditures. *See* Ex. 173. In her testimony, Jamie Amrhein of the FEC confirmed that such credit card debt was refundable to the candidate. The government stipulated to the admissibility of Exhibit 179, the spreadsheet that memorialized $54,050 of credit card debt incurred by Mr. Das for campaign expenses, including the email and receipt back-up records that confirmed the expenditures. Mr. Das only needs to show that $17,500 of this $54,050 in charges were valid campaign expenditures. Mr. Chast, Toby Chaudhuri, and FBI Special Agent Lindsey Capodilupo all confirmed substantial amounts of Exhibit 179 were indisputably campaign related, including:

| | |
|---|---|
| Facebook Advertising | $5,253.16 |
| NGP VAN | $4,500.00 |
| Mass Democratic Party | $2,580.00 |
| Chelmsford Fourth of July Parade | $1,000.00 |
| Comcast | $635.97 |
| Wix | $335.75 |
| Best Buy Computers | $2,167.08 |
| Sonali Lappin Consulting | $3,000.00 |

| | |
|---|---|
| Art Basel Miami Fundraiser | $1,211.96 |
| Larry Rasky Fundraiser Event | $6,306.27 |
| Asian American Hotel Owners Association Speaking Engagement | $945.70 |
| **Subtotal** | $27,935.89[1] |

Finally, Ms. Amrhein testified that even if a campaign committee fails to report debt or reports it late, that does not interfere with the candidate's separate right to repay the debt or loan. Not only did the government fail to prove the statutory minimum of $25,000 improperly converted, but no reasonable jury could find that any allegedly improper withdrawals were knowing and willful. The government failed to prove beyond a reasonable doubt that Mr. Das was not acting in good faith when he paid himself back directly for his loans, following proper candidate protocol as he understood it.

3.  Illegal Contributions: The August to December 2017 correspondence (Exhibits 213 and 212) clearly shows Mr. Das intended to use his family resources, namely his Provident Funds and proceeds from the Calcutta condo, to self-fund his campaign. Mr. Bose testified there was no discussion of using his loan to Mitra Das for the campaign. Mr. Shah testified Mr. Das never said the loan would be used for the campaign. Mr. Shah's unsupported assumption that it could be used for the campaign is not relevant to Mr. Das's state of mind. Toby Chaudhuri's testimony is directly contradicted by his extensive emails stating the loans were not related to the campaign. *See* Exhibits 187-192. Thus, there is not an adequate basis to prove Mr. Das had a guilty state of mind.

---

[1] There are additional charges from Exhibit 179 that are also unquestionably campaign related but the above example figures more than establish Mr. Das had the legal right to withdraw the $17,500 to establish his innocence.

## **CONCLUSION**

For the reasons stated herein, and in prior filings and statements at oral argument that this motion incorporates by reference, the Court should enter a judgment of acquittal on all counts or, in the alternative, order a new trial on all counts.

Dated: October 19, 2023

Respectfully submitted

Abhijit Das, by his counsel:

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Abigail Mahoney (BBO #709427)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
abigail.mahoney@whitecase.com

## CERTIFICATE OF SERVICE

    I hereby certify that the above document was filed on the date appearing in the header of this page through the ECF system, which will send true copies of the document to the attorneys of record for each party.

                                                         */s/ Michael Kendall*