UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 21-10200-RGS

UNITED STATES OF AMERICA

v.

ABHIJIT DAS

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL,
OR IN THE ALTERNATIVE, A NEW TRIAL

February 9, 2024

STEARNS, D.J.

Defendant's motion for a Judgment of Acquittal, *see* Fed. R. Crim. P. 29(c), will be DENIED.  Defendant's motion for a New Trial, *see* Fed. R. Crim. P. 33, will also be DENIED.   In acting on a Rule 29 motion, "the trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt."  *United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).   "Under the viewpoint principle, a jury charged with determining an accused's guilt or innocence is entitled to consider the evidence as a seamless whole. . . . 'The sum of an evidentiary presentation may well be greater than its constituent parts.'"   *Id.* at 974 (quoting *Bourjailly v. United States*, 483 U.S. 171, 179-180 (1987)). A district court's power to order a new trial pursuant to Rule 33 is greater than its power to

grant a motion for acquittal. *United States v. Rothrock*, 806 F.2d 318, 321 (1st Cir. 1986). The court may consider both the weight of the evidence and the credibility of the witnesses in deciding a motion for a new trial. *Id.* at 321. "The remedy of a new trial is rarely used"; it is warranted "only where there would be a 'miscarriage of justice'" or "where 'the evidence preponderates heavily against the verdict.'" *United States v. Indelicato,* 611 F.2d 376, 387 (1st Cir. 1979) (internal quotations omitted).

The thrust of defendant Das's argument on both motions focuses on an alleged lack of evidence that he knowingly caused the filing of false FEC Forms 3 misstating his campaign account's cash on hand in the two quarterly findings specified in Counts 4 and 5 of the Indictment. While it may be true, as Das claims, that his finance director, Eric Chast, never in so many words explained to him that the FEC Form auto-populated the amount of the campaign's available cash, the government points out that Chast testified that he submitted the Forms to Das for his review and approval before filing them. The jury was warranted in believing this testimony (as well as testimony relating Das's preoccupation with cash on hand as a promotional benchmark of his novice campaign). The court instructed the jury that:

> Counts 4 and 5 of the Indictment charge Mr. Das with knowingly and willfully causing his campaign committee to make material false statements to the FEC in Form 3 regarding the total amount of cash-on-hand in the campaign bank account on the two specified quarterly reporting deadlines, in violation of section 1001(a)(2) of the United States Criminal Code. To convict Mr. Das on these counts the government must prove beyond a

reasonable doubt the following four elements.

    First, that Mr. Das knowingly and willfully made, or caused to be made, material false statements regarding the total amount of cash-on-hand reported in the Form 3 to the FEC.

    Second, that Mr. Das voluntarily and intentionally made or caused the false statements to be made.

    Third, that Mr. Das knew that the statements were untrue or exhibited a reckless disregard for the truth; and

    Fourth, that Mr. Das made, or caused the statements to be made in a Form 3 Quarterly Report filed with the FEC.

The jury was also accurately instructed that on the government's theory of aiding and abetting, "[a] defendant may be found guilty of the crime or crimes charged even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States."

Under these instructions, the evidence fully warranted the jury's finding of guilt on Counts 4 and 5. *See United States v. Stockman*, 947 F.3d 253 (5th Cir. 2020).

Das's argument against the jury's finding on Count 3 (Illegal Conversion of Campaign Funds) is based on a mathematical exercise purportedly showing that the government failed to prove that he converted a sufficient minimum ($289,500) of funds from his campaign account to be held culpably responsible. Das maintains that the bulk of the funds that he

3

converted were personal monies derived from pension savings and the sale of a Calcutta condominium that he was entitled under the Election Law to appropriate to his own use. The government in its opposition convincingly adduces evidence showing that the claim is based on creative and misleading accounting, as well as a distorted interpretation of the testimony of Das's major campaign contributors, Toby Chaudhuri, Jay Shah, and Ajoy Bose. Das's preferred interpretation of their testimony was argued to the jury on cross-examination and in closing argument. The jury's rejection of Das's counter-explanation of the testimony further refutes Das's argument that the contributors' donations were in effect personal gifts or loans unrelated to his Congressional campaign rather than illegal contributions (Count 3)

For the foregoing reasons, as previously intimated, the motion is denied in all aspects.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE