UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABHIJIT DAS A/K/A "BEEJ" DAS<br><br>Defendant | CRIMINAL No. 21-cr-10200-RGS |

OPPOSITION TO MOTION FOR RECONSIDERATION

The United States respectfully submits that the defendant's motion to reconsider the Court's denial of his motion for acquittal pursuant to Rule 29(c) or for a new trial under Rule 33, entered on February 4, 2024 (Dkt.169) should be denied.

The defendant makes three arguments, none of which are new. First, the defendant argues that the Court's decision rests on an inaccurate summary of the testimony of Eric Chast, and that on cross-examination Chast admitted that he never provided the defendant with an actual FEC form. Only the raw data. The point that the defendant seeks to make, even if true, is a distinction without a meaningful difference.

Cash-on-Hand was not a difficult concept and did not need an elaborate formula. Like a regular checking account, it was the total amount of contributions minus the amount of money spent. By overwhelming evidence, the government proved that the defendant did not disclose the money he took out of the account and took steps to conceal his repeated withdrawals from

the campaign account. By doing that, Das caused the false statement to the FEC as charged in Counts Four and Five[1] of the indictment.

Second, the defendant argues that while he withdrew the funds from the campaign account and used the money for expenses unrelated to the campaign, the government failed to prove conversion. The statute under which the defendant was convicted states "a contribution or donation shall be considered to be converted to personal use if the contribution or amount is used to fulfill any commitment, obligation, or expense of a person that would exist irrespective of the candidate's election campaign or individual's duties as a holder of Federal office" and then lists a series of obvious examples of personal use (e.g., personal mortgage, a clothing purchase, vacation or other noncampaign-related trip). 52 U.S.C. § 30114(b)(2). That is exactly what the defendant did in this case. If they were loan repayments as he claims, he failed to report any purported loan repayments on the FEC Form 3 until August 2018. The defendant's arguments, including how he was supposed to disgorge his own illegal contributions, were the same ones made to the jury and rejected.

Third, the defendant asks this court to second guess the credibility determinations the jury made in its verdict. The defendant had ample opportunity to cross-examine Tobi Chaudhuri, Chast, and each of the government's witnesses and present a defense. The defendant's argument that he withdrew hundreds of thousands of dollars from his own campaign bank account, through convoluted withdrawals, to repay himself should have been rejected, and it was. The defendant's scheme, furthermore, to solicit excessive campaign contributions was also fully corroborated including the emails with Jay Shah about "engineering" donations (Govt. Exhibit 99) as well as

---

[1] The government dismiss the original count four prior to trial, so Counts Five and Six were renumbered as Counts Four and Five.

text messages with Tobi Chaudhuri about aggregating and sending the illegal contributions as "one batch" (Govt. Exhibit 102).

The Court should deny the motion for reconsideration without a hearing.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   */s/ Neil Gallagher*
NEIL J. GALLAGER, JR.
ELYSA Q. WAN
Assistant United States Attorneys

Date Submitted: March 5, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
.

                                    */s/ Neil Gallagher*
                                    Neil Gallagher
                                    Assistant United States Attorney

Date: March 5, 2024