UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 21-10200-RGS

UNITED STATES OF AMERICA

v.

ABHJIT DAS

ORDER ON DEFENDANT'S MOTION
FOR RECONSIDERATION OF THE DENIAL OF HIS
MOTION FOR JUDGMENT OF ACQUITTAL

March 19, 2024

STEARNS, D.J.

Defendant's motion for reconsideration of the denial of his motion for a Judgment of Acquittal will be denied. It is undisputed that Mr. Das provided Mr. Chast with the "raw data" used to complete the false FEC Report. In viewing this evidence through the lens of joint venture or aiding and abetting, it is immaterial whether Mr. Das assembled the ingredients or baked the cake himself.

As to the conversion Count 3, the jury was correctly instructed that: "Conversion means the diversion of someone else's property to a use for which it was not intended without their express consent." Whether the campaign funds Mr. Das appropriated were (or were not) illegal conduit

contributions is beside the point. The Das campaign, as the intended recipient of the contributions, had a right to the funds superior to that of Mr. Das in his personal capacity. *See Anderson v. Goldberg*, 51 Minn. 294. 296, 53 N.W. 636, 637 (1892); O.W. Holmes, The Common Law 190 (M. Howe ed. 1963). The court further explained to the jury that "a repayment from campaign funds of a loan or debt a candidate has made to his campaign using his own funds is not deemed by the law to constitute a personal use." To the extent that Mr. Das put before the jurors the argument that he only withdrew those funds from the campaign pool that he had previously loaned to his campaign, they rejected it.[1]

Finally, Mr. Das asks the court to set aside the jury's credibility assessment of the three witnesses – Toby Chaudhuri, Jay Shah, and Ajoy Bose – who admitted making illegal contributions to Mr. Das's campaign in 2017, and grant him a new trial on Counts 1 and 2. Mr. Das's theory is that the improper submission of Counts 3, 4, and 5, to the jury tainted their view of the weight of the evidence supporting his conviction on Counts 1 and 2. As the fundamental premise of the theory is erroneous, the argument has no

---

[1] As the Government points out in its Opposition, Mr. Das "failed to report any purported loan repayments on his FEC Form 3 until August 2018." Gov't's Opp'n at 2 (Dkt # 173).

merit.

## CONCLUSION

For the forgoing reasons, the Motion to Reconsider is <u>DENIED</u>.  The court sees no need for oral argument.

        SO ORDERED.

        <u>/s/ Richard G. Stearns           </u>
        UNITED STATES DISTRICT JUDGE